# Peterman *v.* Hamilton Trust Company, Appellant.

*Contract—Subcontractor—Deferred payments—Real estate as security for deferred payments.*

A contractor conveyed to a trust company a piece of real estate to secure deferred payments to a subcontractor. These payments were represented by a promissory note. The agreement provided that on failure to pay the note, the trust company should convey the property to the subcontractor. Subsequently the subcontractor stopped work, on the ground that the contractor had failed to supply him with money when and as the agreement provided. The trust company re-

fused to make the conveyance, and at this time the equity in the property was greater than the value of the note. The subcontractor then brought suit against the trust company, and produced evidence tending to show that his failure to complete his work was due to the default of the contractor. *Held* that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 7, 1913. Appeal, No. 297, Oct. T., 1913, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1909, No. 4,554, on verdict for plaintiff in case of Joseph Peterman v. Hamilton Trust Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for breach of an agreement to convey land. Before CARR, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $871.71. Defendant appealed.

*Error assigned* amongst others was in refusing to give binding instructions for defendant.

*Walter C. Evans, Jr.,* and *Walter Willard,* for appellant.

*Henry K. Fries,* for appellee.

OPINION BY HEAD, J., January 20, 1914:

The plaintiff, a subcontractor, entered into a written agreement with a general building contractor for the performance of certain work in the construction of a number of buildings in the city of Philadelphia. By the terms of that agreement he was to receive about eighty per cent of the stipulated price in cash, payable as the work progressed. For the remaining twenty per cent he agreed to accept the promissory note of the general contractor, payable three months after its date, with the privilege to the maker to renew the same once for a like period. As a

security for the payment of the note, the general con-
tractor conveyed to one of the officers of the defendant
company the title to a described piece of real estate which
was then subject only to a first mortgage of $1,500. The
agreement provided that upon a failure to pay the note
when it became due, the trust company's officer "shall
deliver to the said Joseph Peterman a good and sufficient
deed for the within mentioned property free and clear of
all mechanics' liens and municipal claims, subject only to
a first mortgage," etc. The defendant company notified
the plaintiff that, in pursuance of this stipulation, title
had been conveyed to it and that such title would be held
for his protection according to the terms of the agreement
quoted.

The plaintiff proceeded with his contract until a very
considerable portion of the work had been performed, but
stopped work before the contract had been completed.
He contended that the cause of his apparent default was
the failure of the contractor to supply him with money
when and as the agreement provided. He received the
promissory note and renewed it once, as he had agreed
to do. Upon the failure of the maker to pay at maturity,
suit was brought on the note and a judgment recovered
in favor of the plaintiff. He likewise obtained a separate
judgment for the balance of the cash due him at the time
the work was stopped. He thereupon demanded from the
defendant the conveyance of the title which had been
placed in the hands of the latter for his protection. The
trust company refused to convey, and the only reason
advanced for such refusal was that the general contractor
and his bondsman had requested that such action be taken.

The plaintiff thereupon brought this action to recover
the amount of his note. At the trial he produced evidence
tending to prove that at the time the conveyance was
demanded, the equity of redemption in the hands of the
trust company had a greater value than the amount of
his note, and thus established a sound basis for a recovery.

The pleadings disclosed some discrepancy between the

copy of the contract, already referred to, filed by the plaintiff, and the one attached by the defendant to its affidavit of defense.  The learned trial judge held that in the determination of the real issue between the parties this discrepancy became immaterial for the sufficient reason that the obligation of the plaintiff, under either contract, was an entire one, and unless he could show substantial performance on his part, or that his failure to perform resulted from the default of the other party, he could not recover in this action.  He was thus required again to prove, in a contest with the defendant, that his failure to completely perform was legally justified.  This was according to the defendant every advantage which it might reasonably expect.  When it undertook the trust created by the agreement between the plaintiff and the general contractor, it became its duty to execute that trust according to its terms.  It owed no greater duty to the general contractor than it did to this plaintiff.  So far as the record shows, its refusal to convey the title which it held in trust was altogether arbitrary and unwarranted.  As the jury has found under the submission that the plaintiff suffered by this refusal his right to recover the market value of the equity, or the amount due on his note, would seem to be clear.

We are of opinion the case was properly tried and that the defendant has no just cause to complain of the judgment from which it appeals.

Judgment affirmed.